UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAWRENCE TUTTLE, )
)
    Plaintiff, )
)
v. ) No. 4:19-CV-1503-ACL
)
KELLEY KING, et al., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Lawrence Tuttle, formerly an inmate at the Warren County jail, for leave to commence this civil action without prepayment of the required filing fee. The Court will grant the motion. *See* 28 U.S.C. § 1915(b)(1). For the reasons stated below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

### **Background**

Plaintiff brought this 42 U.S.C. § 1983 civil action in May 2019, when he was a pretrial detainee at the Warren County jail. He names as defendants (1) Kelley King, Prosecutor for Warren County, Missouri, and (2) Warren County, Missouri.

Plaintiff alleges that he was the subject of an arrest on February 5, 2019 for receiving stolen property and booked in the Warren County jail. He alleges that the charge does not fit the facts of his case. Based on the exhibits to the complaint, plaintiff contracted with a third party, Rick Catron, to do work on Mr. Catron's residence. Plaintiff cashed two checks for the work, but never completed the work. Plaintiff states: "This in no way constitutes receiving stolen property. I feel the charges against me are illegal and I should never have been arrested for them. Kelley King

filed this charge instead of [a charge of] contract fraud or stealing. But no where is or has anything been received by [me]. Thus our [sic] claim the charge is illegal."

Review of plaintiff's underlying state criminal case in Warren County shows that an information was filed May 17, 2019 charging plaintiff with one count of receiving stolen property. *See State v. Tuttle*, No. 16BB-CR00773-01 (12th Jud. Cir., Warren County). On September 24, 2019, plaintiff plead guilty to this charge. His sentencing hearing is scheduled for November 5, 2019. *See id.*

## Discussion

The Court finds that plaintiff's claims are presently barred under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or sentence, or for harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

In the case at bar, plaintiff's claim is *Heck*-barred in light of plaintiff's recent guilty plea relating to his actions. *See Havens v. Johnson*, 783 F.3d 776, 777, 784 (10th Cir. 2015). In other words, success on plaintiff's § 1983 claim necessarily would impugn the validity of his guilty plea relating to his admissions that he was guilty of receiving stolen property. Given that he has pled guilty to such an act, it follows that he cannot bring an action for false arrest. Accordingly, before proceeding with his claims, plaintiff must show that his state convictions/sentences have been reversed, expunged, or called into question, which, to date, he has not alleged or demonstrated. For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is subject to dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), as the claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of October, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE